**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| **Theresa Hutchison,** ) | **Civil Action No.: 4:17-cv-02456-RBH** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **Lenders Portal Direct, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## <u>ORDER</u>

This matter is before the court on Plaintiff's motion for default judgment against Defendant. [Doc. 11]. On September 13, 2017, Plaintiff filed her Complaint against Defendant seeking damages for Defendant's violations of the South Carolina Unfair Trade Practices Act ("SCUTPA), Fraud, and Breach of Contract. [Doc. 1]. On October 17, 2017, after Defendant failed to file an Answer or otherwise defend, Plaintiff filed a Motion for Entry of Default with the Clerk of Court. On October 25, 2017, the Clerk of Court entered default against Defendant. [Doc. 10]. Thereafter, on December 19, 2017, Plaintiff filed her Motion for Default Judgment. [Doc. 11]. Defendant was served with each of these documents and, despite the passage of time, has failed to file any response with this court.

For the reasons set forth below, the court grants Plaintiff's Motion in its entirety. It is hereby ORDERED, ADJUDGED, AND DECREED that judgment be entered against Defendant as set forth herein.

## STANDARD

"Default judgment is available under Rule 55 when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (internal quotation omitted). "Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules. Although the clear policy of the Rules is to encourage dispositions of claims on their merits...trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)(internal citations omitted). "A party who is in default and who has not appeared is deemed to have waived the right to be heard on the assessment of damages to be awarded by the Court." *Connelly Mgmt. v. McNicoll,* No. : 2:02-CV-2440-PMD-GCK, 2006 U.S. Dist. LEXIS 97580, at *28 (D.S.C. Mar. 15, 2006).

## FINDINGS OF FACT

By virtue of its default, Defendant has admitted the factual allegations set forth in Plaintiff's Complaint and Defendant is prohibited from contesting said facts as true on appeal. See *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008). The Court finds that the following facts relevant to the causes of action for which Plaintiff seeks an award of damages:

On or about November 15, 2016, Plaintiff entered into a contract with Defendant regarding her New York property. [Doc. 1, ¶9]. Defendant represented to Plaintiff that the mortgage on her New York home was a predatory mortgage, and that as a result, Plaintiff was entitled to a lower interest rate on her mortgage and having the arrearage wiped out. *Id*. In reliance on those representations, Plaintiff paid $16,785.00 to Defendant for its representation of her on the New York mortgage. *Id*. Thereafter, Defendant reviewed Plaintiff's South Carolina mortgage and informed Plaintiff that the South Carolina mortgage was also a predatory mortgage. *Id.* Defendant told Plaintiff that, if she paid Defendant $3,700.00, Defendant would wipe out any arrearage on the South Carolina mortgage and get the interest rate lowered. *Id*. Plaintiff paid Defendant the $3,700.00 and entered into a contract with Defendant regarding her South Carolina property. *Id*. Defendant's representation as to the predatory nature of Plaintiff's mortgages resulted in Plaintiff paying Defendant a total of $20,485.00, completely wiping out her family's life savings. *Id*.; [Doc 11-1, ¶3]. Defendant also instructed Plaintiff to stop all contact with the holders of her notes and mortgages, and to stop all payments on the South Carolina loan. *Id.* In full reliance of Defendant's representations and instructions, Plaintiff ceased all communications with both the New York and South Carolina lenders, and also stopped making payments on the South Carolina mortgage. [Doc. 1, ¶10].

Defendant advertises to consumers throughout South Carolina and the entire United States of America. [Doc. 1, ¶11]. On its website, Defendant specifically states that it

connects consumers "with fully licensed and accredited local professionals for all of your Mortgage Related Needs." *Id*. Under the "Foreclosure Protection" section, Defendant advertises that consumer "may select the applicable real estate or legal professional that will keep you protected under their umbrella while you complete the process." *Id*. Plaintiff was never protected by any legal professional employed by Defendant while she was waiting for Defendant to erase the arrearage on her mortgages and have the interest rates reduced. *Id*. It is Defendant's practice to advertise its services to homeowners across the country fraudulently claiming that those homeowners are the victims of illegal and predatory mortgages, and then defraud said homeowners into paying Defendant a large retainer agreement so that Defendant can then allegedly "negotiate" with the homeowner's lender to help the homeowners escape those mortgages. [Doc 1, ¶27]. In practice, Defendant does not represent consumers in rectifying an allegedly illegal mortgage. *Id*. Instead, Defendant simply takes the consumers' money and attempts to negotiate a loan modification with the lender. *Id*. After failing to obtain a loan modification, Defendant washes its hands of said consumer and instructs the consumer to file bankruptcy. *Id*. Defendant has no attorneys licensed to practice law in New York or South Carolina who can actually represent Plaintiff, or any other consumer, in a foreclosure action. *Id*. at ¶28. Defendant continues to represent and advertise its services throughout South Carolina and thus, the actions of the Defendant have a real and substantial potential for repetition and are a threat to the public interest. *Id*. at ¶29.

Defendant represented to Plaintiff that it would represent her concerning her "illegal" and "predatory" mortgages and, if Defendant was unsuccessful in getting Plaintiff's mortgages, payments, or interest rate reduced, it would refund Plaintiff's retainer fees. [Doc. 1, ¶33]. Defendant's representations were false. Defendant had no basis for believing that Plaintiff was in an "illegal" or "predatory" mortgage and had no intention of providing Plaintiff with any service. *Id*. at ¶34. Defendant also had no intention of ever refunding Plaintiff's retainer fees. *Id*. Defendant's representations to Plaintiff were material to her decision to pay the retainer fees to Defendant. In fact, the only reason Plaintiff entered into her agreements with Defendant was because Defendant represented to her that she had been the victim of "illegal" and "predatory" mortgages and that Defendant would refund her money if Defendant failed in remedying her "illegal" and "predatory" mortgages. *Id*. at ¶35.

Defendant defrauded Plaintiff into paying $20,485.00 and did not provide Plaintiff with any of the services promised. After failing to meet the terms of its own contract, Defendant then refused to honor its refund policy and refused to return any amount of money to Plaintiff. [Doc 1., ¶26].

The contract entered into between Plaintiff and Defendant provided for a refund if specific instances of "successful loss mitigation or debt relief performance" were not achieved by Defendant. Defendant failed to achieve the relief that was set forth in the contract. [Doc. 1, ¶12, ¶13]. Plaintiff and Defendant entered into two contracts, one concerning her New York property and the second her South Carolina property. *Id*. at ¶43.

Defendant breached both contracts with Plaintiff after failing to provide a refund as provided in said contracts. *Id*. at ¶44.

## CONCLUSIONS OF LAW

**A.  Plaintiff's South Carolina Unfair Trade Practices Act Claim**

"To recover in an action under the South Carolina Unfair Trade Practices Act, Plaintiff must show: (1) Defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) Plaintiff suffered monetary or property loss as a result of Defendant's unfair or deceptive acts(s)." *Soberanis v. City Title Loan, LLC,* 2:16-4034-RMG, 2017 U.S. Dist. LEXIS 50114, *20 (D.S.C. April 3, 2017) (quoting *Wright v. Craft*, 372 S.C. 1, 640 S.E.2d 486, 498 (S.C. Ct. App. 2006)). An impact on the public interest may be shown if the acts or practices have the potential for repetition. *Singleton v. Stokes Motors, Inc.*, 358 S.C. 369, 595 S.E.2d 461, 466 (S.C. 2004) (citing *Crary v. Djebelli*, 329 S.C. 385, 496 S.E.2d 21, 23 (S.C. 1998)). "The potential for repetition may be shown in either of two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures created a potential for repetition of the unfair and deceptive acts." *Soberanis,* 2017 U.S. Dist. LEXIS 50114 at *21, (*quoting Wright,* 640 S.E.2d at 501-02). "These two ways are not the only means for showing the potential for repetition or public impact, and each case must be evaluated on its own merits to determine what a plaintiff must show to satisfy the potential for repetition/public impact

prong of the UTPA." *Wright v. Craft*, 372 S.C. 1,31; 460 S.E.2d 486, 501 (Ct. App. 2006) (*citing Daisy Outdoor Adver. Co. v. Abbott*, 322 S.C. 489, 497; 473 S.E.2d 47, 51 (1996)). Ultimately, the public impact/public interest prong of the UTPA must be determined on a case by case basis. *Sinclair & Assoc. of Greenville, LLC v. CresCom Bank*, 2:16-cv-00465-DCN, 2016 U.S. Dist. LEXIS 159340, *6 (D.S.C. November 17, 2016).

By virtue of its default, Defendant has admitted its conduct constituted a violation of SCUTPA.

Once liability is established, the Court must then determine damages. *J&J Sports Productions, Inc. v. Romenski*, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012). When the plaintiff's claim is for a sum certain or a sum which can by computation be made certain, the clerk of court may enter a default judgment. Fed. R. Civ. P. 55(b)(1). When the damages amount is not a sum certain, the Court may convene an evidentiary hearing or simply rely on affidavits or other documentary evidence in the record to determine the appropriate sum. *J&J Sports Productions, Inc.*, 845 F. Supp. 2d at 706.

The court finds that there is no need for an evidentiary hearing and that a decision is properly reached on the basis of the uncontested pleadings and detailed affidavit submitted. See Fed. R. Civ. P. 55(b)(2) ("the court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Anderson v. Found. For Advancement Educ. & Emp't of Am. Indians*, 155 F.3d 500, 507 (4th

Cir. 1998) (" . . . in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing"). If the defendant does not contest the amount pled in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing. *JTH Tax, Inc. v. Smith*, No. 2:06cv76, 2006 WL 1982762, at *2 (E.D. Va. June 23, 2006). The court has reviewed Plaintiff's submissions, and has determined that they adequately support Plaintiff's claims and provide a reasonable basis upon which to rest an award of damages that is easily computable.

Plaintiff's affidavit clearly shows that she suffered a specific ascertainable monetary loss as a result of Defendant's unfair or deceptive acts. Specifically, Plaintiff paid Defendant $20,485.00 for services that were not only not provided, but which Defendant never intended to provide. Defendant did not have any licensed attorneys in New York or South Carolina and thus could not have represented Plaintiff in either mortgage as claimed by Defendant. Defendant also refused to provide Plaintiff with a refund even though Defendant had specifically stated that it would refund Plaintiff's money if it were unsuccessful and the contract entered into between Plaintiff and Defendant specifically provided for a refund.

SCUTPA provides "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair of deceptive method, act or practice declared unlawful by § 39-5-20 may bring an action individually, but not in a representative capacity, to recover actual damages." S.C. Code Ann.

§ 39-5-140. The conduct of Defendant caused Plaintiff to suffer an ascertainable loss, specifically, the retainer fees paid to Defendant in the amount of $20,485.00. This court hereby finds that Plaintiff suffered an ascertainable loss of $20,485.00 as a result of Defendant's violations of the SCUTPA.

By virtue of its default, Defendant has admitted that the allegations of willfulness were true. Pursuant to S.C. Code Ann. §39-5-140(a), this court finds that Plaintiff is entitled to have her actual damages of $20,485.00 trebled to $61,455.00, for a total award of $61,455.00.[1] This Court also finds that Plaintiff is entitled to an award of her reasonable attorneys' fees as provided by the SCUTPA. *Id*. Plaintiff's counsel shall file a motion for attorneys' fees in compliance with the Local Rule within 10 days, in the event Plaintiff seeks fees.

### B. Plaintiff's Fraud Claim

"To state a cause of action for fraud, a plaintiff must allege (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the person; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury." *Chinners v. GE Capital Corp.*, No. 2:10-cv-0126-MBS, 2010 U.S. Dist. LEXIS 62272, at *4-5 (D.S.C. June 22, 2010) (internal quotations omitted). "In South Carolina, punitive

---

[1] Under S.C. Code Ann. § 39-5-140, "[i]f the court finds that the use or employment of the unfair or deceptive method, act or practice was a willful or knowing violation of § 39-5-20, the court shall award three times the actual damages sustained and may provide such other relief as it deems necessary or proper."

damages are allowed in the interest of society in the nature of punishment and as a warning and example to deter the wrongdoer and others from committing like offenses in the future. Moreover, they serve as a vindication of private rights when it is proved that such have been wantonly, willfully or maliciously violated." *Gamble v. Stevenson*, 305 S.C. 104, 110, 406 S.E.2d 350, 354 (1991)(internal citations omitted). Punitive damages are available for fraud when the tortfeasor knew, or should have known, of its wrongdoing. *Dunsil v. E. M. Jones Chevrolet Co.*, 268 S.C. 291, 295, 233 S.E.2d 101, 103 (1977).

By virtue of Defendant's default, Plaintiff has established her claim for fraud.

Due to Defendant's fraudulent representations, Plaintiff suffered an ascertainable out of pocket loss in the amount of $20,485.00. In the absence of further testimony or evidence establishing that Defendant's fraudulent representations proximately caused the exacerbation of Plaintiff's medical conditions, the Court declines to award Plaintiff damages for the exacerbation of her medical conditions or further damages on this cause of action without an evidentiary hearing.

### C. **Plaintiff's Breach of Contract Claim**

"The elements for a breach of contract are the existence of the contract, its breach, and the damages caused by such breach." *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 491, 732 S.E.2d 205, 209 (Ct. App. 2012). A contract is formed when an offer is made, said offer is accepted, and valuable consideration is paid. *Sauner v. Pub. Serv. Auth.*, 354 S.C. 397, 406, 581 S.E.2d 161, 166 (2003). "One who seeks to recover damages for breach of a

contract, to which he was a party, must show that the contract has been performed on his part, or at least that he was, at the appropriate time, able, ready, and willing to perform it." *Williams v. Riedman*, 339 S.C. 251, 277, 529 S.E.2d 28, 41 (Ct. App. 2000)(internal citations omitted). "Damages recoverable for breach of contract either must flow as a natural consequence of the breach or must have been reasonably within the parties' contemplation at the time of the contract." *Manning v. Columbia*, 297 S.C. 451, 455, 377 S.E.2d 335, 337 (1989)

In the instant matter, by virtue of its default, Defendant has admitted it breached the contract. Plaintiff and Defendant entered into written contracts which stated that Defendant would perform certain functions after Plaintiff paid for same. The contract was performed by Plaintiff upon her payment for services. Included in said contract was a provision that allowed for a refund if certain results were not achieved by Defendant. This Court finds that Plaintiff performed her contractual duty under the contract when she paid Defendant the $20,485.00 in retainer fees. Defendant breached its contract with Plaintiff by failing to perform the services set forth in the contract and by refusing to honor the refund policy after its failure to achieve the debt resolutions as set forth in the contract. Due to Defendant's breach of its contracts with Plaintiff, Plaintiff has suffered damages in the ascertainable amount of $20,485.00.

D. **Election of Remedies**

"Election of remedies involves a choice between different forms of redress afforded by law for the same injury or different forms of proceeding on the same cause of action." *Taylor v. Medenica*, 324 S.C. 200, 218, 479 S.E.2d 35, 44 (1996). The basic purpose of election of remedies is to prevent double recovery for a single wrong. *Save Charleston Found. v. Murray*, 286 S.C. 170, 333 S.E.2d 60 (Ct.App.1985). "When an identical set of facts entitle the plaintiff to alternative remedies, he may plead and prove his entitlement to either or both; however, the plaintiff may not recover both." *Id*. at 175, 333 S.E.2d at 64.

In this case, an identical set of facts entitles Plaintiff to alternative claims under SCUTPA, common law fraud, and breach of contract. As the wrongs addressed in and damages awarded under the SCUTPA, fraud, and breach of contract are duplicative, and the award under the SCUTPA provides the greater recovery, the Court will presume Plaintiff elects recovery under the SCUTPA claim unless she files notice of a different election within 5 days after the entry of this Order.

## CONCLUSION

It is hereby ORDERED, ADJUDGED and DECREED that judgment be entered in Plaintiff's favor as follows:

1. Plaintiff's is awarded treble statutory damages in the amount of $61,455.00 on her SCUTPA claim due to Defendant's willful conduct;

2. Plaintiff's counsel shall file any motion for attorneys fees with this Court within 10 days if she seeks such, and if so, shall comply with Local Civil Rule 54.02.

**IT IS SO ORDERED.**

March 12, 2018  s/ R. Bryan Harwell
Florence, South Carolina  R. Bryan Harwell
United States District Judge