UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **Theresa Hutchison,** | Civil Action No.: 4:17-cv-02456-RBH |
| **Plaintiff,** | |
| vs. | |
| **Lenders Portal Direct, LLC,** | |
| **Defendant.** | |

### ORDER

This matter is before the court on Plaintiff's motion for attorneys' fees. [Doc. 15]. On September 13, 2017, Plaintiff filed her Complaint against Defendant seeking damages for Defendant's violations of the South Carolina Unfair Trade Practices Act ("SCUTPA), Fraud, and Breach of Contract. [Doc. 1]. On October 17, 2017, after Defendant failed to file an Answer or otherwise defend, Plaintiff filed a Motion for Entry of Default with the Clerk of Court. On October 25, 2017, the Clerk of Court entered default against Defendant. [Doc. 10]. Thereafter, on December 19, 2017, Plaintiff filed her Motion for Default Judgment. [Doc. 11]. Defendant was served with each of these documents and, despite the passage of time, has failed to file any response with this court. On March 12, 2018, this Court granted default judgment in Plaintiff's favor. [Doc. 13].

Plaintiff was awarded damages against Defendant following Defendant's default and the court's resolution of Plaintiff's motion for default judgment. Plaintiff was awarded damages in the amount of $61,455.00 due to Defendant's violation of the South Carolina Unfair Trade Practices Act. [Doc. 13].

Through her present motion, Plaintiff seeks an award of attorneys' fees in the amount of $11,342.50 and costs in the amount of $400.00. The motion is supported by affidavits of Plaintiff's counsel (including summaries of the work done and affirmation of counsel's regular rates), the contingency fee agreement between Plaintiff and her counsel, a recent survey reflecting median rates charged by attorneys for work in the relevant geographic and subject matter areas, and a third party attorney affidavit offered in support of the skill level and rate for Penny Cauley.

## **STANDARD**

In addressing a petition for attorneys' fees, a court "must first determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate". *Green v. Momentum Motor Grp., LLC*, Civil Action No. 0:17-cv-01449-CMC, 2018 U.S. Dist. LEXIS 122, at *2 (D.S.C. Jan. 2, 2018). In determining the reasonable hours and rates expended, the court will apply the following twelve factors deemed determinative in the Fourth Circuit in making such a determination. *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978).

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.*

"In addition to the attorney's own affidavits, the fee applicant must produce satisfactory 'specific evidence of the 'prevailing market rates in the relevant community' for the type of work for

which he seeks an award.'" *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). Market rates of attorneys in the same community as Plaintiffs' counsel is the first place to examine when making a determination as to the market rate. *Rum Creek Coal Sales v. Caperton*, 31 F.3d 169, 179 (4th Cir. 1994). The burden is on Plaintiff's counsel to provide evidence "...in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 1547 (1984).

## DISCUSSION

**Costs.** The only cost sought by Plaintiff is the $400.00 filing fee associated with the institution of this action. The court finds this cost proper and awards costs in the amount of $400.00.

**Attorneys' Fees.** The undersigned attorneys, Penny Hays Cauley and William K. Geddings, seek an award of attorneys' fees for work performed in this matter. Penny Cauley seeks a fee award for 17.70 hours at a rate of $400.00 per hour for a total of $7,080.00. William Geddings seeks a fee award for 15.50 hours at a rate of $275.00 per hour for a total of $4,262.50. The hours and rates set forth above are evidenced by affidavits filed by Penny Hays Cauley and William K. Geddings. [Doc. 15, Exhibits "A" and "B"].

In support of her request for attorney's fees, Penny Cauley submitted the South Carolina portions of the 2015-2016 United States Consumer Law Attorney Fees Survey Report written by Mr. Ronald J. Burge. This survey sets forth a median rate for South Carolina attorneys handling cases of this nature of $325.00, and a 95% Median Attorney rate of $400.00. This Fee Survey has been utilized in determining the reasonableness of attorney fees in numerous other federal cases. See *Hicks v. City of Tuscaloosa, 2016 WL 7029827 (N.D. Ala., May 24, 2016); Jordan v. City of*

*Birmigham, 2015 WL 12830455 (N.D. Ala., June 22, 2015); Decker v. Transworlds Systems, Inc., 2009 WL 2916819 (N.D. Ill., September 1, 2009); Renninger v. Phillips & Cohen Associates, Ltd., 2010 WL 3259417 (M.D. Fla., August 18, 2010); and Suleesky v. Bryant Lafayette & Associates, 2010 WL 1904968 (E.D. Wis., May 10, 2010).* While Penny Cauley seeks an award at the high end of fees charged by other lawyers handling consumer cases in South Carolina, she has submitted additional support of her fee request with the affidavit of David Maxfield. [Doc. 15, Exhibit "E"]. Mr. Maxfield attested that the $400.00 rate sought by Penny Cauley is appropriate for an attorney of her experience and skill due to her outstanding reputation as a consumer advocate and her frequent speaking appearances in national seminars, as well as due to the dearth of lawyers who handle cases of this nature in South Carolina. *Id*. Penny Cauley has handled numerous cases before this Court and throughout the District of South Carolina on behalf of consumers. Based upon the Consumer Law Attorney Fee Survey and the affidavit of David Maxfield, this Court finds that Penny Cauley has set forth sufficient evidence that the rate requested is in line with those prevailing in this community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Therefore, this Court finds the rate of $400.00 per hour sought by Penny Cauley is reasonable.

As to William Geddings, the court notes that the $275.00 rate sought by Mr. Geddings has been found to be reasonable by the South Carolina District Court in a separate action. *Green*, 2018 U.S. Dist. LEXIS 122, at *4[1]. As Mr. Geddings' fee falls within the above discussed range of fees

---

[1] The court notes that the *Green* Court found both the fees of Mrs. Cauley and Mr. Geddings reasonable, however, that Court declined to set precedent relating to the fees of Mrs. Cauley due to the amount sought and the failure of defendant to respond in that action. Nevertheless, the *Green* Court set no precedential limitations on the fee of Mr. Geddings and, therefore, this court finds the *Green* Court's ruling as to the fee sought by Mr. Geddings as precedential.

appropriate for actions of this nature, this court finds that the $275.00 per hour rate sought by Mr. Geddings is reasonable.

The court finds that the amount of hours worked on a case of this nature is not unreasonable given the complexity of issues of this nature and the work performed on this matter. Therefore, the court finds that the 17.70 hours attested to by Mrs. Cauley and the 15.50 hours attested to by Mr. Geddings are reasonable and that a fee award should be entered in the total amount of $11,342.50.

## **CONCLUSION**

The court awards costs in the amount of 400.00. The court finds that the rates sought by Mrs. Cauley and Mr. Geddings are both reasonable attorneys' fees given their skill levels and the evidence produced attesting to same. Therefore, the court awards attorneys' fees in the amount of $11,342.50.

**IT IS SO ORDERED**.

July 3, 2018　　　　　　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
Florence, South Carolina　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge